McBRIDE, Judge.
This is an appeal by plaintiff from a summary judgment in favor of United States Casualty Company dismissing plaintiff’s demands as against said defendant. From the allegations of the original and amended and supplemental petitions, it appears plaintiff’s son was killed by a railroad train; that she compromised with the railroad for $600 and executed a release of her claim in its favor. She now sues the railroad and its locomotive engineer alleging their negligence to have been the cause of her son’s death. She avers she was coerced into signing the mentioned release which is null and void for several alleged reasons; she prays for judgment in a large sum as damages.
Plaintiff also impleaded as defendants in solido Alton A. Glapion d/b/a Glapion Funeral Home (the undertaker who directed the funeral of her son) and his insurer, United States Casualty Company. She alleges said insurer had issued a policy, which was in full force, covering any liability of Glapion which resulted from the negligence, malpractice or malfeasance of himself, his employees, agents and representatives.
Plaintiff’s cause of action against Glapion is set out in allegations to the effect that he refused to bury the remains of plaintiff’s son on credit, and he accordingly negotiated and made arrangements with representatives of the railroad to meet with plaintiff *54 and have her sign a release of her claim, all of which took place within three days after the death of her son; that the premises of the funeral home were used as the meeting place; that plaintiff was emotionally disturbed and Glapion and his representatives took an active part in the negotiations and persuaded plaintiff to sign the release; that Glapion and his representatives advised plaintiff that she had a “poor” claim at law and importuned her to execute the release so that the funeral expenses would be paid in cash prior to the burial of her son; that it was represented to her by Glapion and his representatives that her son would not be buried unless she signed the release. She charges that Glapion and his representatives engaged in the unauthorized practice of the law in advising her “erroneously concerning secular law; misstating facts; making wrong evaluations of the facts, witnesses, rules, laws and probabilities of a trial on the merits; * * * ”
United States Casualty Company moved for a summary judgment dismissing plaintiff’s claims against it on the ground the alleged acts of Glapion are not covered by its policy, and hence, there can be no liability on its part. After a contradictory trial of the motion, the summary judgment was rendered in favor of the insurer.
The insuring agreements as set forth in the policy appear thus:
“Coverage A — Bodily Injury Liability
“To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined.
“Coverage B — Property Damage Liability
“To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined.”
The hazards as defined are:
“Division 1 — Premises—Operations
“The ownership, maintenance or use of premises, and all operations.
“Division 2 — Elevators
“The ownership, maintenance or use ©f any elevator designated in the declarations.”
No extended discussion is necessary anent policy coverage vel non of the acts charged to Glapion. Clearly no coverage exists. First, plaintiff does not allege she suffered bodily injury, sickness or disease or that she sustained an injury to or the destruction of property; second, she does not set forth the occurrence of an accident; and third, her cause of action as alleged against the undertaker does not arise from the ownership, maintenance or use of premises or any operations, or from the ownership, maintenance or use of an elevator. The entry of the summary judgment was proper.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.